UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:
Juarez Barreto,                                  **MEMORANDUM OF**
                                                 **DECISION AND ORDER**
              Debtor.          CV 06-04591 (ADS)
---------------------------------------------------------------X

**APPEARANCES**:

**ZAVATSKY MENDELSOHN GROSS SAVINO & LEVY, LLP**
Attorneys for the Debtor/Appellee
33 Queens Street Suite 201
P.O.Box 510
Syosset, NY 11791-0510
    By:    Allan B Mendelsohn, Esq., Of Counsel

**GUTMAN & GUTMAN, LLP**
Attorneys for the Appellant International Trading Company
19 Roslyn Rd
Mineola, NY 11501
    By:    Andrew E Gutman, Esq., Of Counsel

**SPATT, District Judge.**

On October 14, 2005, Juarez Barreto (the "Debtor" or the "Appellee") filed a petition under Chapter 7 of the Bankruptcy Code. Presently before the Court is an appeal by International Trading Company (the "Appellant") from an Order of United States Bankruptcy Judge Stan Bernstein which expunged the Appellant's lien against the Debtor's real property.

## I. BACKGROUND

On October 14, 2005, the Debtor filed a Chapter 7 bankruptcy petition (the "Petition"). In the Petition, the Debtor listed his assets, including real property owned as a tenancy in the entirety with his wife, located at 17 Flower Road, Valley Stream, New York (the "Property") and valued at $415,000. He also asserted a $50,000 homestead exemption pursuant to New York Civil Practice Law and Rule ("CPLR") Section 5206(a). On March 21, 2006, the Appellant filed a secured proof of claim for $690,918.97, based on a judgment which became a lien on the Debtor's Property on July 1, 2005.

On May 15, 2006, the Debtor moved to avoid judicial liens contending that the judicial liens impaired the homestead exemption to which he was entitled, pursuant to Section 522(f) of the Bankruptcy Code. According to the Debtor's motion, as of the bankruptcy filing date, the Debtor owned the Property as a tenancy in the entirety with his wife. In addition, prior to his bankruptcy filing, the following creditors obtained judgment liens docketed in the Nassau County Clerk's office: (1) Jose Arnold Pinheiro and Pinheiro Import/Export (collectively "Pinheiro") obtained a judgment in the amount of $45,680 docketed on November 14, 2000; (2) Ford Motor Credit ("Ford") obtained a judgment in the amount of $5,832.50 docketed on September 3, 2002; (3) Express Trans. Trade Co, Inc./Finest Doo ("Express") obtained a judgment in the amount of $300,843.43 docketed on March 4, 2003; and (4) the Appellant

obtained a judgment in the amount of $690,918.97 docketed on July 1, 2005.

The Debtor further noted that there was a mortgage on the Property in the amount of $100,000, filed and recorded prior to the dates the judgment liens were docketed, as well as unpaid taxes in the amount of $20,000. In addition, the Debtor claimed that there were property disposition costs in the amount of $20,000.

In the motion, the Debtor provided the Bankruptcy Court with the following calculations:

| | |
|---|---|
| Fair Market Value of the Property | $415,000 |
| Mortgages and Taxes | $120,000 |
| Disposition Costs | $20,000 |
| Total Value of the Property | $275,000 |
| Debtor's Interest as a Tenant by the Entirety-25% | $68,750 |
| Exemption Claimed by Debtor | $50,000 |
| Remaining Equity for Judgment Creditors | $18,750 |

The Debtor claimed that because the only remaining equity was equal to $18,750, the judicial liens should be avoided.

On June 5, 2006, the Appellant filed objections to the Debtor's motion to avoid judicial liens. The Appellant contended that the Debtor's interest in the property was 50%, not 25% as set forth in the Debtor's motion. The Appellant noted that, as a

result, the Debtor's interest in the Property was equal to the sum of $147,000, and less the $50,000 homestead exemption, resulted in equity in the sum of $97,500. The Appellant further claimed that the Property was likely worth more than $415,000.

On June 28, 2006 a hearing was held on the Debtor's motion to avoid judicial liens. The parties agreed that the Debtor was entitled to a $50,000 homestead exemption. However, the Court did not determine the value of the Property or review the parties' calculations of equity. Judge Bernstein directed the Debtor to submit a proposed order granting the Debtor's motion for a homestead exemption and to avoid judicial liens.

Thereafter, the Debtor submitted a proposed order, reducing Pinheiro's judicial lien, pursuant to an agreement between the parties, and avoiding the liens of Express and the Appellant. In response, the Appellant filed a proposed order noting that it should be entitled to all equity over and above the homestead exemption.

In opposition to the Appellant's proposed order, the Debtor argued that the two judgment liens that held priority over the Appellant's lien equal $350,000. The Debtor contended that considering the $100,000 mortgage, as well as the $50,000 homestead exemption, even assuming the Property was valued at $500,000, there still remained no equity to support the Appellant's lien. The Debtor further noted that he reached an agreement with the creditors whose judgments were docketed prior to the Appellant's judgment, and that Express agreed to reduce its lien from $300,000 to

$30,000. According to the Debtor, "[s]ince the judgment creditor who is ahead of [the Appellant] by several years is only receiving pennies on the dollar of their lien, it is patently clear that there is no equity whatsoever for the lien of International Trading Company to attach to."

Thereafter, the Appellant submitted additional papers, arguing that because the priority or senior liens had been settled, the Debtor had equity in the Property above and beyond the value for which the liens had been settled and beyond the $50,000 homestead exemption. As a result, the Appellant argued that its lien should not be completely avoided.

In an Order dated July 18, 2006, Judge Bernstein reduced Pinheiro's judicial lien to $18,750; reduced Express' judicial lien from $300,000 to $30,000; and expunged the Appellant's judicial lien. Judge Bernstein's Order did not address Ford's lien.

On July 25, 2006, the Appellant filed a notice of appeal. In its brief, the Appellant argues that any calculation of equity in the property must be based upon the Debtor's 50% interest in the Property. As a result, the Appellant contends that the Debtor's interest in the Property, following the deduction of the mortgage and taxes owed, is $137,500. After applying the $50,000 homestead exemption, the Appellant concludes that the Debtor has a net equity of $87,500 in the Property. The Appellant contends that a substantial equity remains, despite the Debtor's homestead exemption.

The Appellant further argues that because the Debtor settled claims with the priority creditors whose rights proceeded the Appellant's rights, and because an additional lien holder, Ford, did not appear at all in the proceedings, the Debtor possesses remaining equity to partially settle the Appellant's lien.  Specifically, the Appellant contends that the priority liens were settled for a total of $48,750.  As a result, $38,750 remains to partially satisfy the Appellant's lien.  The Appellant contends that "to the extent that equity in the property exists in favor of Appellant, then the Appellant's lien should not be avoided but simply set at the amount of the equity available to it at this time."  The Appellant seeks modification of the Order of the Bankruptcy Court to reduce the Appellant's judicial lien to $38,500.

In opposition, the Debtor does not dispute the Appellant's claim that the Debtor holds a 50% interest in the Property.  The Debtor contends that, as a result, he holds an interest in the property equivalent to approximately $140,000.  In fact, in the Debtor's brief, he accepts the calculations set forth by the Appellant.  The Debtor contends that he is entitled to the $50,000 homestead exemption, and concludes that $90,000 in equity remains in the Property.  According to the Debtor, the judgment liens of Express and Pinheiro were docketed prior to the Appellant's lien and if satisfied, would have completely eliminated the Debtor's equity.  The Debtor claims that "[u]nder no facts or circumstances could the appellant's interest have attached to the debtor's interest in the real property as there were, at a minimum on the filing date

of the bankruptcy petition, in excess of $340,000 of judgments and liens superior to that of the appellant in the debtor's interest." The Debtor cites no case law and does not address the fact that, as a result of his settlement of the priority liens, equity remains in the Property, even after application of the homestead exemption.

## II. DISCUSSION

### A. Standard Of Review

A district court hearing an appeal from a bankruptcy court reviews that court's findings of fact under the "clearly erroneous" standard, see Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the de novo standard. In re Vouzianas, 259 F.3d 103, 107 (2d Cir. 2001); In re Arochem Corp., 176 F.3d 610, 620 (2d Cir. 1999) (holding that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo") (citation omitted); In re Bennett Funding Group, Inc., 146 F.3d 136, 138 (2d Cir. 1998) (same) (citations omitted); see also In re Porges, 44 F.3d 159, 162 (2d Cir. 1995) (same) (citations omitted).

"On appeal, a district court 'may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" Eton Centers, Co. v. McNally (In re McNally), No. 02-CV-85, 2003 U.S. Dist. LEXIS 25856, at *3 (S.D.N.Y. June 2, 2003) (citing Fed. R. Bankr. P. 8013).

**B.     As To The Appeal**

Section 522(f) of the Bankruptcy Code provides that "[n]otwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is- (1) a judicial lien." In re Giordano, 177 B.R. 451, 454 (Bankr. E.D.N.Y. 1995) (citing 11 U.S.C. § 522(f)).  In addition, according to New York CPLR § 5206, "[p]roperty of one of the following types, not exceeding  fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof: 1. a lot of land with a dwelling thereon." New York CPLR § 5206.

Accordingly, "if a debtor possesses equity in a principal residence, that equity, not exceeding [$50,000], is exempt from the satisfaction of money judgments and, in the event of bankruptcy, is exempt from property of the debtor's bankruptcy estate." In re Giordano, 177 B.R. at 455.  "New York's Homestead Exemption is simply the right to receive the first [$50,000] in proceeds . . . The balance of proceeds, if any, is paid to the judicial lien creditor." Id. at 457.  In the present case, it is undisputed that the Debtor is entitled to a homestead exemption, pursuant to New York CPLR section 5206 and may avoid liens that impair such exemption, pursuant to section 522(f) of

the Bankruptcy Code .

However, "[t]o the extent that a judicial lien does not impair a debtor's exemption, it cannot be avoided." In re Barrett, No. No. 06-20294, 2007 Bankr. LEXIS 1809, at *7 (Bankr. D. Me. May 29, 2007); In re Vizentinis, 175 B.R. 824, 827 (Bankr. S.D.N.Y. 1994) ("the judicial lien survives only to the extent that a debtor's equity results in a surplus after deducting the homestead exemption. This interpretation maintains the debtor's full exemption by insuring that the judicial lien which survives can in no way adversely affect the homestead exemption"). See also FDIC v. Finn (In re Finn), 211 B.R. 780, 783 (BAP 1st Cir. 1997) ("we find that it would be inconsistent with the policy of exemptions to permit the Debtor-Appellee to avoid the lien in full despite the existence of non-exempt equity to which the lien could attach because the Debtor-Appellee would in effect be getting an unlimited exemption").

In the present case, as previously stated, it is undisputed that the Debtor has the right to receive a $50,000 homestead exemption and may avoid judicial liens that impede this exemption. However, pursuant to the calculations contained in the parties' briefs, it also appears to be undisputed that, despite the $50,000 homestead exemption, equity remains in the Property. In fact, the issue in the present appeal is whether a junior lien holder is entitled to that remaining equity.

Although, in the papers submitted throughout the bankruptcy proceedings, the

parties disagreed regarding calculation of the Debtor's interest in the Property and the equity, on appeal, both parties admit that, following the Debtor's receipt of the homestead exemption, approximately $90,000 in equity remains. In addition, the parties acknowledge that, although the senior lien holders, Express and Pinheiro, were owed more than $300,000, both agreed to settle their claims for a total of approximately $48,000. As a result, approximately $40,000 in equity remains in the Debtor's Property. The Debtor claims that, if he had not settled with the senior lien holders, all equity would have been wiped out by the more than $300,000 he owed to them and, as a result, the Appellant would not have received any money. However, the Debtor fails to address the fact that he seems to possess equity, despite the exemption and after paying his settled claims.

At the time of the Bankruptcy Court's June 28, 2006 hearing, the Debtor had not yet agreed to settle claims with Express and Pinheiro. As a result, at that time it appeared that the Debtor did not possess any equity to satisfy the Appellant's lien. At the hearing, the Bankruptcy Court determined that the $50,000 homestead exemption was undisputed, and as a result, granted the Debtor that exemption. At the hearing, the Court did not review the parties' calculations or discuss the value of the Property.

As previously discussed, it is clear that "[t]o the extent that a judicial lien does not impair a debtor's exemption, it cannot be avoided." In re Barrett, 2007 Bankr.

LEXIS at *7; In re Vizentinis, 175 B.R. at 827; In re Finn, 211 B.R. at 783.  In the present case, the Bankruptcy Court ordered that the Appellant's judicial lien be expunged and avoided, despite the existence of remaining equity and despite the fact that reduction of the Appellant's lien, rather than avoidance of the lien, would not have impaired the Debtor's exemption.

However, this Court is unable to properly review the Bankruptcy Court's Order because the Bankruptcy Court did not evaluate the parties' calculations or make any determination regarding the remaining equity.  The Bankruptcy Court did not hold a hearing or make findings following the Debtor's settlement of his claims with the priority lien holders.  Instead, the Bankruptcy Court ordered that the Appellant's lien be expunged, with no discussion or calculation regarding whether equity remained in the Property above and beyond the exemption and settled claims.  As such, this matter is remanded to the Bankruptcy Court for further proceedings consistent with this Decision.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that this matter is respectfully remanded to the United States Bankruptcy Court for the Eastern District of New York for further proceedings consistent with this Decision; and it is further

**ORDERED**, that this case is closed.

**SO ORDERED.**

Dated: Central Islip, New York
　　　　June 25, 2007

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Arthur D. Spatt*　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge